UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

DANIEL ZAK,

                          Plaintiff,

    -against-

FIVE TIER, INC.,

                          Defendant.

------------------------------------x

## MEMORANDUM DECISION AND ORDER

20 Civ. 9375 (GBD) (SLC)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Daniel Zak brought this suit against Defendant Five Tier, Inc. for breaches of the Fair Labor Standards Act, 29 U.S.C. §§ 207 *et seq.* ("FLSA"), and the New York Labor Law, N.Y. Lab. Law §§ 198 *et seq.* ("NYLL"), breach of contract, and promissory estoppel, seeking to recover unpaid wages and benefits, monetary damages, liquidated damages, punitive damages, and an award of costs and reasonable attorneys' fees. (First Am. Compl. ("FAC"), ECF No. 39, at 11–14.) Plaintiff alleges that Defendant purposefully misclassified him as an independent contractor and has failed to pay the full wages owed to him. (*Id.* at 12.)

    Before this Court is Magistrate Judge Sarah L. Cave's December 14, 2023 Report and Recommendation, recommending that this Court award Plaintiff (1) $15,750.00 in damages for unpaid wages under the NYLL, (2) $15,750.00 in liquidated damages, (3) pre-judgment interest calculated at a rate of nine percent on the amount of $15,750.00 from August 17, 2019 until the date of entry of judgment, (4) post-judgment interest calculated pursuant to 28 U.S.C. § 1961, (5) $28,511.30 in attorneys' fees, and (6) $889.53 in costs. (R. & R. ("Report"), ECF No. 74, at 30–31.) The Report further recommends that (1) an automatic increase of judgment be applied to the damages awarded under the NYLL that remain unpaid upon the expiration of ninety days following issuance of judgment or ninety days after expiration of the time to appeal, and if no

1

appeal is then pending, whichever is later and (2) Plaintiff's breach of contract and promissory estoppel claims be deemed abandoned and dismissed with prejudice. (*Id.* at 31.) No party has filed any objections. Having reviewed the Report for clear error and finding no error, this Court **ADOPTS** the Report in its entirety, while additionally dismissing Plaintiff's FLSA claim with prejudice.

## I. FACTUAL BACKGROUND

Plaintiff first worked for Defendant from December 29, 2017 to February 2018, and from March 2018 to November 2018. (Decl. of Zak, ECF No. 68, at ¶¶ 6–7.) This initial period was pursuant to a written Independent Contractor Agreement ("ICA") signed by Frank O'Brien, Defendant's Chief Executive Officer ("O'Brien"), and Plaintiff. (FAC ¶ 25; Decl. of Zak ¶¶ 6–7.) The ICA provides that Plaintiff was "an Independent Contractor and shall not be considered for any purpose to be an employee of Company." (ICA, ECF No. 39-1, ¶ 4.) In November 2018, Plaintiff ended his employment because O'Brien informed him that there was no longer any work for him. (FAC ¶ 27; Decl. of Zak ¶ 9.)

In March 2019, Plaintiff returned to work for Defendant full-time at a rate of $50.00 an hour. (FAC ¶¶ 29–30; Decl. of Zak ¶¶ 11–12.) However, in April 2019, O'Brien told Plaintiff that his hourly rate "needed to be temporarily changed." (FAC ¶ 33; Decl. of Zak ¶ 13.) Plaintiff's wage changed from $50 per hour to $375 per day with no changes to his duties or schedule. (FAC ¶ 35; Decl. of Zak ¶ 14.) Plaintiff worked five days per week and at least eight hours per day, reporting directly to O'Brien, who provided him with instructions and work arrangements. (FAC ¶¶ 32, 37, 39; Decl. of Zak ¶¶ 15, 19–21.) Defendant did not pay Plaintiff wages for the period from July 16, 2019 to September 17, 2019, a total of forty-two days of work. (Decl. of Zak ¶ 29.) On September 17, 2019, Plaintiff resigned due to Defendant's failure to pay him. (FAC ¶ 73; Decl. of Zak ¶ 33.)

## II. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on November 9, 2020, (Compl., ECF No. 1), and initially failed to serve Defendant despite Plaintiff's multiple attempts to do so. (Compl. Aff. of Service, ECF No. 26; Default Letter, ECF No. 14, at 1.) However, a law firm purporting to have previously represented Defendant eventually contacted Plaintiff's counsel to discuss the pending case. (Default Letter at 1.) The Complaint was therefore not served on Defendant until June 11, 2021. (*Id.*) Notably, Defendant never appeared in this case nor answered the Complaint or FAC.

Following Plaintiff successfully serving Defendant, the parties engaged in "progressive dialogue toward resolution, [and] agreed to resolve the litigation through a settlement agreement . . . ." (*Id.*) On September 24, 2021, Plaintiff submitted a letter to this Court requesting approval of the settlement agreement between the parties. (Zak's Letter, ECF No. 10.) On January 3, 2022, this Court approved the parties' settlement agreement. (Order, ECF No. 12.)

On May 26, 2022, Plaintiff notified this Court that Defendant defaulted in carrying out its obligation under the settlement agreement. (Default Letter at 1.) Subsequently, this Court referred the case to Magistrate Judge Cave for general pretrial supervision and specific non-dispositive motion/dispute concerning the Default Letter. (Am. Order of Reference to a Magistrate Judge, ECF No. 15.) On July 11, 2022, Magistrate Judge Cave ordered Defendant to show cause why (1) it failed to appear at the conference, (2) it failed to honor the settlement agreement, and (3) Magistrate Judge Cave should not order that a certificate of default be entered based on Defendant's failure to appear and defend in this action. (Order to Show Cause ("OTSC"), ECF No. 20, at 2.) Plaintiff served the OTSC on Defendant, but Defendant did not respond. (OTSC Aff. of Service, ECF No. 23, at 1; Clerk's Certificate of Default I, ECF No. 30, at 1.) On August 29, 2022, the Clerk of the Court entered a certificate of default. (Clerk's Certificate of Default I, ECF No. 30.)

3

On October 13, 2022, Plaintiff filed the FAC, and effectuated service on Defendant on November 2, 2022. (FAC Aff. of Service, ECF No. 44). Defendant, again, failed to appear or answer. (Clerk's Certificate of Default II, ECF No. 48, at 2.) On March 13, 2023, this Court granted default judgment against Defendant, (Default J., ECF No. 62), and referred this case to Magistrate Judge Cave to conduct an inquest on damages, costs, and attorneys' fees. (*Id.*) On April 18, 2023, Plaintiff served the Scheduling Order and Damages Submission on Defendant. (Damages Submission Aff. of Service, ECF No. 73.)

### III.   LEGAL STANDARDS

#### A. Reports and Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a report and recommendation, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

#### B. Default Judgment and Computation of Damages

A defendant's default is deemed "a concession of all well-pleaded allegations of liability," *Rovio Entm't, Ltd. V. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 545 (S.D.N.Y. 2015), but a default "only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendants." *Gesualdi v. Quadrozzi Equip. Leasing Corp.*, 629 F. App'x 111, 113 (2d Cir. 2015) (summary order).

To determine whether the well-pleaded allegations establish liability, the court analyzes "whether plaintiff has provided adequate support for the relief it seeks." *Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 119 (S.D.N.Y. 2008). A plaintiff must submit admissible evidence to establish its entitlement to recovery and to prove the extent of damages. *Lopez v. Emerald Staffing, Inc.*, No. 18 Civ 2788 (SLC), 2020 WL 915821, at *5. (S.D.N.Y. Feb. 26, 2020). If so, the court must then "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Getty Images (US) Inc. v. Advernet, Inc.*, 797 F. Supp. 2d 399, 411 (S.D.N.Y. 2011) (citation omitted). This inquiry, *i.e.*, an inquest into damages, can occur without an evidentiary hearing where there is a sufficient basis on which to make a damages calculation. *See Fustok v. ContiCommodity Serv., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

## IV. THE REPORT CORRECTLY DETERMINED DEFENDANT'S LIABILITY AND PLAINTIFF'S DAMAGES AWARD

### A. Magistrate Judge Cave Appropriately Determined Defendant's Liability under the NYLL Only

The FAC asserted claims under the FLSA, the NYLL, for breach of contract, and for promissory estoppel. However, as the Report noted, Plaintiff seeks damages only under the FLSA and the NYLL. (Report at 10.) Accordingly, Magistrate Judge Cave's recommendation that the breach of contract and promissory estoppel claims be deemed abandoned and dismissed with prejudice is adopted. (*See id.*)

With respect to Plaintiff's FLSA claim, this Court also finds that Plaintiff failed to state a cause of action under the FLSA and dismisses the same with prejudice. While Magistrate Judge Cave correctly determined that the FAC establishes Defendant's liability for Plaintiff's claims under the NYLL only,[1] she did not go so far as to recommend dismissal of his FLSA claim as

---

[1] Magistrate Judge Cave appropriately noted how the FLSA only "allows recovery for unpaid 'straight' time only up to the minimum wage rate," while the NYLL allows "for a claim of straight time at a rate

5

necessary here. Plaintiff's FLSA claim requires dismissal, as "the FLSA . . . requires payment of minimum wages and overtime wages *only*," and courts in this Circuit "generally reject[] plaintiffs' attempts to recover unpaid wages under the FLSA when such claims fall outside of the FLSA's minimum wage and overtime provisions." *Hosseini v. Miilkiina LLC*, No. 22 Civ. 01459 (LJL), 2023 WL 2136390, at *4 (S.D.N.Y. Feb. 21, 2023) (emphasis added) (quoting *Nakhata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)). Such is the case here, where Plaintiff merely seeks damages under the FLSA for *unpaid wages*—*i.e.*, full wages that Defendant failed to pay him between July 16, 2019 to September 17, 2019—not minimum wages or overtime payments. (*See* Report at 3, 19.) Thus, Plaintiff's FLSA claim is dismissed with prejudice.

Nevertheless, this Court opts to exercise supplemental jurisdiction over Plaintiff's NYLL claim pursuant to 28 U.S.C. § 1367 despite dismissing Plaintiff's FLSA claim. "The exercise of supplemental jurisdiction is within the sound discretion of the district court." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988)). In considering whether to exercise supplemental jurisdiction, courts should weigh "the values of judicial economy, convenience, fairness, and comity." *Id.* Here, all these factors favor putting an end to this yearslong litigation which Defendant has notice of and has declined to defend against.[2]

---

higher than the minimum wage if the parties previously agreed to the rate." (Report at 18 (citing *Villar v. Prana Hosp., Inc.*, No. 14 Civ. 8211 (RA) (JCF), 2017 WL 1333582, at *4 (S.D.N.Y. Apr. 11, 2017) (collecting cases), *adopted by*, 2018 WL 3579841 (S.D.N.Y. July 25, 2018)).) Here, Plaintiff's agreed-upon "straight pay" would become an hourly rate of $46.88, which exceeds both the federal and state minimum wage rates. (Report at 19.) Accordingly, Magistrate Judge Cave appropriately determined that Plaintiff may only recover his unpaid wages through the NYLL. (*Id.* (citing *Marvici v. Roche Facilities Maint. LLC*, 2023 WL 6648902 (S.D.N.Y. Oct. 12, 2023)).)

[2] Plaintiff and the state court "have an interest in the prompt and efficient resolution of controversies under state law," and a dismissal of Plaintiff's NYLL claim would be time-consuming and costly. *Cohill*, 484

Unlike the FLSA, which is only concerned with minimum wages and overtime payments, the NYLL "expressly provides that employees are entitled to recover all unpaid wages." *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011); *see also* N.Y. Lab. Law § 198(3) ("All employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages accrued . . . . There is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements.").

This Court adopts in full the Report's conclusion that Plaintiff was indeed Defendant's employee and thus entitled to damages, flowing from its thorough and sound weighing of the relevant factors which ultimately tip in Plaintiff's favor. (Report at 16–17.) Furthermore, Defendant's default further supports this result.

### B. Magistrate Judge Cave Appropriately Determined Plaintiff's Damages Award

Magistrate Judge Cave appropriately found that Plaintiff provided sufficient evidence entitling him to damages. (*See* Report at 20–21.)

This Court agrees with Magistrate Judge Cave's conclusion that Plaintiff is only entitled to recover unpaid wages for forty-two working days because Plaintiff provided no legal support for his entitlement to wages for holidays or approved days off resulting from misclassification.[3] Therefore, Plaintiff is awarded $15,750.00 in unpaid wages. (*See* Report at 22, n.8.)

---

U.S. at 353. "Any time a district court dismisses, rather than remands [a case], the parties will have to refile their papers in state court, at some expense of time and money . . . . Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law." *Id.* Forcing this outcome upon them is imprudent given Defendant's continued evasion.

[3] The Report recommended that Plaintiff's recovery be limited to forty-two working days, instead of forty-six days, which includes one federal holiday and three approved days off. (Report at 21.) The Report also rejected Plaintiff's request for equitable damages in the amount of $1,125.00 for three unpaid holidays while Plaintiff was misclassified as an independent contractor between April 2019 and September 17, 2019. (*Id.*)

Magistrate Judge Cave also appropriately found that Plaintiff is entitled to (1) liquidated damages pursuant to N.Y. Lab. Law § 198(1-a), (2) pre-judgment interest pursuant to N.Y. C.P.L.R. § 5004, and (3) post-judgment interest pursuant to 28 U.S.C. § 1961(a). (*See* Report at 22–23.) Accordingly, Plaintiff is entitled to $15,750 in liquidated damages, pre-judgment interest at a rate of nine percent on the amount $15,750, and post-judgment interest in the amount consistent with 28 U.S.C. § 1961(a).[4] In this case, the pre-judgment interest will start from August 17, 2019 until the date that final judgment is entered. (*See* Report at 23–24.) Furthermore, Magistrate Judge Cave correctly applied the NYLL in determining that if Defendant fails to satisfy the judgment within the stated deadline, then Plaintiff is entitled to a fifteen percent increase in the judgment amount owed to him under the NYLL. (*See* Report at 24.)

Additionally, Plaintiff is also entitled to recover attorneys' fees pursuant to N.Y. Lab. Law §§ 198, 663. Magistrate Judge Cave's assessment of the total amount of attorneys' fees and determination that a fifteen percent reduction in the number of hours expended was necessary were both correct. (*See* Report at 24–28.) Accordingly, Plaintiff is entitled to $28,511.30 in attorneys' fees. (*Id.* at 29.)

Finally, Magistrate Judge Cave appropriately concluded that Plaintiff, as the prevailing party by default, can recover $889.53 in costs for the court filing fee and process servers. (*See* Report at 30; Table of Requested Attorney's Fees, ECF No. 67-1; Proposed Findings, ECF No. 72, at ¶ 50.)

---

[4] The statute provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).

## V. CONCLUSION

Magistrate Judge Cave's Report is **ADOPTED**. Plaintiff's FLSA claims are **DISMISSED** with prejudice. Defendant is liable to Plaintiff for:

(1) $15,750.00 in damages for unpaid wages;

(2) $15,750.00 in liquidated damages;

(3) pre-judgment interest calculated at a rate of nine percent on the amount of $15,750.00 from August 17, 2019 until the date of entry of judgment;

(4) post-judgment interest calculated pursuant to 28 U.S.C. § 1961;

(5) $28,511.30 in attorneys' fees; and

(6) $889.53 in costs.

Furthermore, the damages shall automatically increase by fifteen percent if not paid in full within the time prescribed by NYLL § 198(4).

The Clerk of Court is directed to close this action.

Dated: August 6, 2024
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge